IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE WEBB,<br>on behalf of plaintiff and a class,<br><br>                Plaintiff,<br><br>      v.<br><br>MIDLAND CREDIT MANAGEMENT,<br>INC.; MIDLAND FUNDING LLC;<br>and ENCORE CAPITAL GROUP, INC.,<br>formerly MCM CAPITAL GROUP, INC.,<br><br>                Defendants. | 11-cv-5111<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Martin C. Ashman |

**PLAINTIFF'S MOTION TO CONDUCT DISCOVERY REGARDING
MOTION TO COMPEL ARBITRATION**

Pursuant to Fed.R.Civ.P. 56(d), plaintiff requests an order allowing plaintiff to conduct discovery from Midland regarding the "facts" stated in its motion and supporting memorandum to compel arbitration and the affidavit of Pat Minford.

The grounds for this motion are as follows:

1. On or about Sept. 21, 2010, defendant MCM sent plaintiff a "pre-legal notification" (Exhibit A) , demanding payment of $2,427.05 and stating that "we are considering forwarding this account to an attorney with the intent to initiate legal action to satisfy this debt", and "If we don't hear from you or receive payment by 10-21-2010, we may proceed with forwarding this account to an attorney." The "pre-legal notification" is a form document regularly used by defendant MCM. This letter was sent by MCM on behalf of Midland Funding LLC.

2. On or about Feb. 17, 2011, defendant Midland Funding LLC, which claimed to own the debt, filed suit against plaintiff to collect the alleged debt in the Circuit Court of Cook County. A copy of the complaint is attached as Exhibit B. The complaint sought only $2,203.16.

3. Attached to the complaint was an "Affidavit of Paula Hansen in Support of Judgment" (Exhibit C) which claimed Midland's "business records pertaining to this account" show that "defendant(s) owed a balance of $2203.16."

1

4. Plaintiff retained counsel and defended the state court lawsuit. On June 23, 2011, Midland Funding LLC nonsuited the state court lawsuit.

5. Plaintiff alleges that defendants send correspondence such as <u>Exhibit A</u> threatening legal action to collect amounts greater than that which defendants actually intend to seek or are entitled to seek when they do take legal action, in violation of 15 U.S.C. §1692(e) and §1692(f). The "pre-legal notification" inflates the amount of the claimed debt and then offers to negotiate from the inflated amount.

6. On October 17, 2011, defendants filed a motion to compel arbitration and stay proceedings pending the completion of arbitration. [Dkt. No. 97] In their motion, defendants claimed that Citibank, the original creditor, "sold and assigned the Account to ***Sherman Originator III LLC***" and that "***Sherman Acquisition, LLC*** sold the Account to Midland LLC." (Def. Original Memo., Dkt. No. 97, p. 2) (emphasis added). Sherman Originator III LLC and Sherman Acquisition, LLC are different entities.

7. On October 27, 2011, defendants requested leave to amend and/or supplement their motion to compel arbitration. [Dkt. No. 208]

8. On November 10, 2011, Midland filed its amended motion to compel arbitration and stay proceedings pending the completion of arbitration. [Dkt. No. 210]

9. Defendants attached the affidavit of Pat Minford, Senior Manager, Business Development Process for Midland Credit Management, in support of their motion to compel arbitration. [Dkt. No. 245, Exhbit 2]

10. In their amended motion to compel arbitration, Defendants now allege a different chain of title with respect to the Citibank account for which they were attempting to collect from Plaintiff. Specifically, defendants now allege that "Citibank sold and assigned the Account to ***Sherman Originator III LLC***, after which the Account was sold and assigned by and between related entities." (Def. Amended Memo, Dkt. No. 223, p. 12)

11. The affidavit of Pat Minford asserts in conclusory fashion that the Account

2

at issue was first assigned from Citibank (South Dakota) to Sherman Originator III LLC (par. 12), then from Sherman Originator III LLC to Sherman Originator LLC (par. 11), then from Sherman Originator to LVNV Funding LLC (par. 10), then from LVNV Funding LLC to Sherman Acquisition, LLC (par. 9), and finally from Sherman Acquisition to Midland Funding LLC (par. 8).

12. The statements made by Minford in the affidavit are based upon a series of "Transfers and Assignments" which are attached to the affidavit as Exhibits A-E. However, other than the "Transfer and Assignment" from Sherman Acquisitions, LLC to Midland Funding LLC (Exhibit A to Exhibit 2), the remaining "Transfer and Assignments" for which Minford relies in making these statements are not dated and attest to transfers and assignments made in the past.

13. Plaintiff believes that the "Transfer and Assignments" relied upon by Defendants are not genuine and authentic, but were manufactured in response to Plaintiff's litigation.

14. If Defendants did not acquire the alleged debt, they cannot rely upon an arbitration clause in an agreement between Plaintiff and the original creditor.

15. The standard of proof on a motion to compel arbitration is similar to that on a summary judgment motion. "In the context of motions to compel arbitration brought under the Federal Arbitration Act . . . courts apply a standard similar to that applicable to a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2nd Cir.2003). This is the rule followed in the Seventh Circuit. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir.2002).

16. Pursuant to Fed.R.Civ.P. 56(d), plaintiff requests that she be allowed to conduct the deposition(s) of the Midland employee(s) with knowledge as to the chain of title and supporting documents for the transfer of Plaintiff's alleged account to Midland Funding, LLC and drafting and preparation of the "Transfer and Assignments" attached as Exhibits A-E of the Affidavit of Pat Minford and discovery of CashCall and FBD concerning the actual role of each in making the loans.

        Respectfully submitted,

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

    I, Daniel A. Edelman, hereby certify that on November 15, 2011, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and copies of the foregoing were mailed by U.S. Mail to the following:

Clifford E. Yuknis
David M. Schultz
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

        s/Daniel A. Edelman
        Daniel A. Edelman