**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BONNIE WEBB on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | 11-cv-5111 |
| v. | ) ) ) | Judge Joan H. Lefkow |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC., | ) ) ) ) ) | Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Bonnie Webb respectfully submits this reply in support of her motion for leave to file an Amended Complaint to add Angela Fuller, f/k/a Angela Grubbs to the complaint.

1. Defendants filed their amended motion to compel arbitration on November 10, 2011 which is fully briefed. Plaintiff Webb opposed Defendants' motion on the ground that (1) Defendants cannot prove an assignment or ownership of the account; and (2) Defendants cannot demonstrate that they are parties to the arbitration agreement. (Dkt. No. 47).

2. In order to respond to Defendants' motion to compel arbitration, Plaintiff took limited discovery on that issue, including the deposition of the two affiants upon which Defendants relied in support of their motion.

3. The parties have not commenced any general liability discovery or class discovery and Defendants have not answered the complaint.

4. Subsequent to completing the briefing on Defendants' motion to compel arbitration, Plaintiff's counsel was retained by Angela Fuller to represent her in her claims against Defendants. Angela Fuller's claims are nearly identical to Plaintiff Webb's and are against the exact same defendants.

5. Defendants argue that "Written discovery of Fuller will be necessary." This is true;

1

however, there is nothing preventing Defendants from obtaining written discovery from Angela Fuller once the court has set a discovery schedule.

6. Discovery as to whether Angela Fuller's claims are subject to an arbitration agreement is not necessary. Defendants have been attempting to collect a debt from Angela Fuller which was originally owed to Washington Mutual Bank. Exhibit A, August 31, 2011 letter. Washington Mutual Bank debts were purchased by JP Morgan Chase & Co. JP Morgan Chase has entered into an agreement by which it agreed that " Effective on [November 20, 2009], Chase will not seek to enforce an Arbitration Clause or Class Action Waiver Clause against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements..." Exhibit B, Stipulation and Agreement of Settlement With JP Morgan Chase & Co and Chase Bank USA, N.A., p. 10.

7. Defendants' records indicate that "the last payment posted to [Angela Fuller's] account [was] on 2007-09-12," and that "the account was charged off on 2008-04-30." Exhibit C, Affidavit of Paula Hansen.

8. It is "a commonly accepted principle that where an assignor is precluded by judgment his assignee will also be precluded. It is an equitable maxim that he who takes the place of another as to any right or property holds it subject to all the rights of the assignor." *Westgate v. Maryland Casualty Co.,* 147 F.2d 177, 181 (6th Cir. 1945). *Price v. Worldivision Enterprises*, *Inc.*, 455 F. Supp. 252, 259 (S.D.N.Y. 1977) likewise held that "the doctrine of *res judicata* is applicable to assignees of parties as well as to the parties themselves."

9. Therefore, Angela Fuller's claims are not subject to arbitration.

10. Defendants' only real opposition to the request for leave to amend is that it may prejudice their ability to compel Plaintiff Webb's claims to arbitration. This is not true. If the Court grants Defendants' motion to compel arbitration, Plaintiff Webb's claims proceed to arbitration, irrespective of Plaintiff Fuller's claims. If, however, the court denies the motion, both cases may proceed forward on the same track. As there has been no general liability discovery and Defendants

have not answered the complaint, the amendment does not prejudice the Defendants.

WHEREFORE, Plaintiff Webb respectfully requests leave to file an amended complaint, *instanter*.

                                                        Respectfully submitted,

                                                        s/Cassandra P. Miller
                                                        Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on March 12, 2012, a copy of the foregoing was filed electronically using the Court's CM/ECF system, a copy of which was also sent via US mail to the following:

Clifford E. Yuknis
David M. Schultz
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

                                                        s/ Cassandra P. Miller
                                                        Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

3