IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE WEBB and ANGELA FULLER f/k/a ANGELA GRUBBS, on behalf of plaintiff and a class, ) ) ) ) | |
| Plaintiffs, ) | Case No. 11-cv-5111 |
| ) | |
| v. ) | Judge Joan H. Lefkow |
| ) | Magistrate Judge Martin C. Ashman |
| MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC., ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AS TO ANGELA FULLER F/K/A ANGELA GRUBBS**

Defendants MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), MIDLAND FUNDING LLC ("Midland") and ENCORE CAPITAL GROUP, INC. ("Encore") (collectively "defendants"), by their attorneys, David M. Schultz and Clifford E. Yuknis with Hinshaw & Culbertson LLP, file this memorandum in support of their motion to dismiss as to Angela Fuller f/k/a Angela Grubbs ("Fuller") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants are adopting the Amended Motion to Compel Arbitration against plaintiff Bonnie Webb. Defendants' motion to dismiss is only directed against Fuller.

**INTRODUCTION**

Fuller pleads no facts plausibly suggesting any claim wrongdoing against Encore. Fuller does not allege that Encore acted against Fuller in any manner or allege any facts or theory of piercing the corporate veil. As to the MCM and Midland, Fuller mischaracterizes a debt collection letter she received from MCM. She alleges that because the subsequent collection lawsuit against her demanded a lower amount of her debt by not demanding interest, that the "defendants" must have

"inflated" the amount in the letter and threatened action which defendants did not intend to take. Fuller sets forth no well-pleaded factual allegations giving rise to a right to relief. Suing a debtor for a lower amount by not demanding interest in the suit is not a violation of the FDCPA. There was no deception in the letter, and no deception in the lawsuit.

Fuller attaches only the first page of the letter addressed to her as Exhibit D to her amended complaint. Attached hereto as Exhibit A is the complete letter.[1] The second page shows a Previous Balance of $4,905.47 and Accrued Interest of $2,477.57. The papers in the lawsuit against Fuller, attached to the amended complaint as Exhibits D and E, show that the suit was for $4,905.47; the suit did not ask for the $2,477.57 interest. Although this motion is not directed to Webb, her letter and suit reveal the same fact pattern. Exhibit A to the amended complaint shows a Previous Balance of $2,203.16 and $223.89 in Accrued Interest. The lawsuit (Ex. B, Am. Compl.) shows a demand of $2,203.16 and no demand for the $233.89 in Accrued Interest. As explained below, such allegations do not state a plausible claim for relief.

## ARGUMENT

The Supreme Court has articulated a two-step approach in deciding whether a pleading is sufficient:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009).

---

[1] Documents that a defendant attaches to a motion to dismiss are considered part of the pleading if they are referred to in the plaintiff's complaint and are central to her claim, and the court need not convert the motion to a motion for summary judgment. *Rosenblum v. Travelbybus.com, Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

The fact that the unsupported allegations of Fuller's amended complaint could be true is not enough to save the amended complaint. *Atkins v. City of Chicago,* 631 F.3d 823, 831 (7th Cir. 2011) (affirming dismissal of complaint). Taken as a whole, the complaint must establish a non-negligible probability that the claim is valid. *Id.* at 832. The court should decide whether the complaint has enough substance to warrant putting the defendants through discovery. *Id.* Fuller's amended complaint fails under these standards.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007)).

## I. FULLER DOES NOT STATE A CLAIM AGAINST ENCORE

Fuller's allegations against Encore appear at ¶¶ 19-31 and ¶ 56. Fuller makes no allegations that Encore wrote any letter, filed suit, or took any actions which form the basis of Fuller's claims. Lumping Encore, MCM and Midland together under the word "defendants" is not the proper pleading of a plausible FDCPA (or any) claim against a parent company who did nothing against Fuller. Nor are there any factual allegations plausibly suggesting that Encore had a "policy or procedure" or "standardized policy" in violation of the FDCPA (Am. Comp. ¶¶ 53, 55). Finally, Fuller pleads neither factually supported allegations nor even a conclusion plausibly supporting a "piecing of the corporate veil" theory.

## II. FULLER FAILS TO STATE A CLAIM AGAINST THE OTHER DEFENDANTS

### A. The FDCPA Does NOT Prohibit Seeking Inconsistent Amounts: Both the Letter and the Lawsuit Set Forth Accurate Amounts

The Court should dismiss Fuller's claim of an alleged violation of §1692e because Fuller does not and can not allege that there are any falsehoods or deception in the letter. *See* Am. Comp.

Ex. D and Exhibit A hereto. Fuller's allegation that the amount requested in the letter was inconsistent with the amount that was requested in the complaint fails to state a plausible claim for a violation of §1692e because Fuller does not allege that the amount in the letter or the amount in the complaint were false. *Lane v. Daniel N. Gordon P.C.*, 2011 WL 488901 (D.Or. Feb. 7, 2011), attached hereto as Exhibit B.

*Lane* granted summary judgment to the defendant based upon almost the same allegations that are presented here. The plaintiff in *Lane* alleged that defendant violated §1692e because the amount that the defendant sought in its complaint was lower than the amount that the defendant requested in a previous letter to the plaintiff. *Lane*, 2011 WL 488901, at *1. Defendant sent plaintiff a collection letter in February of 2009 for $1,370.54 plus $5.39 in interest. *Id.* Thereafter, defendant filed suit against the plaintiff, but the complaint did not seek the $5.39 in interest. In granting defendant's motion for summary judgment, the court explained:

> Defendant could have asserted a claim in the complaint for interest from February 10, but did not. Instead, it sought interest from February 16, and therefore sought a lesser amount from Lane than he owed. Defendant simply sought less in the complaint than the full amount due and owing; since the amounts stated in February 10 demand letter and in the July 2009 complaint were both correct defendant did not make a false statement. Consequently, I conclude that defendant is entitled to judgment as a matter of law.

*Id.* Like the plaintiff in *Lane*, Fuller does not allege that the amount stated in the letter or the complaint is false, but argues that there was a §1692e violation because the amount in the collection letter was inconsistent from the amount alleged in the complaint. Similar to the defendant in *Lane*, MCM in this case sought to collect interest in its collection letter to Fuller and Midland could have, but chose not to, seek interest in the lawsuit against Fuller. Following *Lane*, Fuller fails to state a claim under §1692e because she does not state the amount in the letter or the complaint is false or incorrect.

4

The language of §1692e confirms that Fuller's claim fails. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2) requires well-pleaded factual allegations plausibly showing a "false representation of----the character, amount, or legal status of any debt." Section 1692e(5) requires well-pleaded factual allegations that there was a plausible "[t]hreat to take any action that cannot legally be taken or that is not intended to be taken." Finally, § 1692e(10) requires a plaintiff to establish a plausible claim that there was a "false representation or deceptive means to collect or attempt to collect [a] debt or to obtain information concerning a consumer."

Fuller's assertion that the letter attached as Exhibit D to the amended complaint threatens to take legal action against her and therefore violates §1692e(5) fails to pass the straight face test. (Am. Comp. ¶¶ 53, 58). Exhibit D makes no reference to the phrase or idea of legal action or any variation of it. Exhibit D controls over Fuller's contrary allegations. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007); *Safety Solutions, Inc. v. City of Chicago*, 2011 WL 3652446, at *8 (N.D.Ill. Aug. 18, 2011). Further, Fuller does not dispute that MCM legally could seek the collection of the full balance owed on Fuller's account. Anything less than the full amount is considered a discount which would allow Fuller to save money. MCM's proposed payment options would have saved Fuller money because the payment options sought less than the full amount owed.

Fuller's claims of alleged violations of §1692e, §1692e(2) and §1692e(10) also fail because Fuller does not allege that the amount identified in the amended complaint or the letter is false. Midland could have sought to collect interest on the amount identified in the complaint, but it chose otherwise.[2]

---

[2] Ironically, Fuller argues that since she was sued for less money than the full amount of what is owed, there is a violation of the FDCPA. If the Court finds that this constitutes a violation, then debt collectors will seek the full amount in all collection lawsuits and debtors will be harmed, lest debt collectors could be accused of sending collection letters for "inflated amounts." Moreover, Fuller's counsel, in the past, sought to limit the interest on a debt that a creditor could sue for. But the courts have held that a creditor's assignee can seek such interest. *See Olvera v. Blitt &*

5

Fuller attempts to open the doors to a new theory of relief by asserting that the collection letters "inflate" the amount "defendants" would sue for (Am. Compl. ¶¶ 54, 55). The word "inflate" is merely a colorful label for an alleged FDCPA claim which does not exist. The FDCPA prohibits making false or misleading statements; it does not prohibit the collection of an amount (whether that be the full amount or a reduced amount) that is allowed by law. There is nothing in the FDCPA that prohibits a creditor from deciding not to seek interest when it files a complaint against a debtor.

### B. There Was Nothing Deceptive or Misleading About The Letter

The Seventh Circuit instructs that "[w]e disregard unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). "Any document can be misread. The Act [FDCPA] is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000).

Fuller is alleging exactly the type of ingenious misreading of the collection letter that should be disregarded by this Court. Fuller sets forth an unsupported conclusion that defendants engaged in deceptive collection practices by sending collection letters when subsequent lawsuits do not demand interest and therefore demand a lower amount than is set forth in the letters. (Am. Comp. ¶ 58). Significantly, Fuller pleads no facts or even conclusions that the amounts in the letters were wrong or false. Moreover, the letter attached to the amended complaint makes no threat of filing a lawsuit, let alone a threat to file suit for the amount stated in the letter. A full copy of the letter (Ex. D to Am. Compl.) is attached hereto as Exhibit A. The letter itself controls over Fuller's contrary allegations. *Forest*, 507 F.3d at 542.

---

*Gaines, P.C.,* 431 F.3d 285 (7th Cir. 2005) (Illinois Interest Act did not impose statutory interest ceilings on the assignees of a debt); *PRA III v. Hund,* 364 Ill.App.3d 378, 846 N.E.2d 965 (3d Dist. 2006) (under the Illinois Interest Act, the assignee was entitled to collect interest in the same amount as the original creditor).

Thus, Fuller's allegations do not plausibly support any claim under 15 U.S.C. §§ 1692e, e(2), (10), or 15 U.S.C. §§ 1692f and f(1). There are no well-pleaded factual allegations plausibly supporting any false, deceptive or misleading representations or means, or unfair or unconscionable means to collect a debt. Nor does Fuller allege a plausible claim under 15 U.S.C. § 1692e(5), which prohibits "[t]he threat to take any action that cannot be legally taken or that is not intended to be taken." Fuller does not assert any factually supported allegations regarding actions "that cannot be legally taken." The letter attached as Exhibit D to Fuller's amended complaint makes no threat of litigation and there is no allegation that the lawsuit was deceptive or incorrect.

All that remains of Fuller's alleged FDCPA claim is that defendants did not sue for the entire amount of the debt owed by not including interest. This is not an FDCPA violation. Fuller is trying to turn the FDCPA on its head. The purposes of the FDCPA are:

> [t]o eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692. Suing to collect a lower amount than the full amount owing is not an abusive debt collection practice. The FDCPA is intended to protect consumers, not force them to pay the full amount of their debt when asked to pay a smaller amount.

To the extent Fuller is asserting the lawsuits should have included interest and demanded a higher amount than they did in order to avoid an FDCPA violation, she is flat wrong. The Seventh Circuit has made clear that a court in an FDCPA case cannot make rules in common-law fashion or to enforce FDCPA § 1692f to enforce other legal rules:

> First, § 1692f creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggy-back jurisdiction clause. If the Law Firm violated the Social Security Act, the statute's rules should be applied. Likewise if the Law Firm violated Illinois law. Section 1692f does not take a state-

7

> law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

*Beler v. Blatt, Hansenmiller, Liebsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). The letter asked Fuller to pay a certain amount of her debt, which she could have disputed in the 30 days after she received that notice. After Fuller was sued for a smaller amount of the debt that she owed, Fuller joined this lawsuit claiming a violation of the FDCPA.

### C. There Was No Deception Vis-à-Vis the "Unsophisticated Consumer."

Finally, there are no allegations to plausibly support a conclusion that the notification is misleading or deceptive from the perspective of the unsophisticated consumer. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d. 643, 645 (7th Cir. 2009). Fuller cannot validly allege or claim that because the lawsuit was for a lower amount, by not including interest, the amounts in the letters *must* be an "inflated" amount. Such reasoning is unsupported by facts and does not state a plausible claim. *See Wahl*, 556 F.3d at 646 (nothing false or confusing with letter listing amount owed from the debt collector's point of view plus debt collector's interest); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 756-57 (7th Cir. 2009) (same). The letter tells Fuller that the actual amount of her debt may be larger than the amount subsequently sued for.

Fuller's failure to state a plausible claim is confirmed by the Seventh Circuit's observations on the "unsophisticated consumer," who has a "reasonable knowledge of his account's history." *Wahl*, 556 F.3d at 646. This account history includes collection letters which the unsophisticated debtor reads "carefully so as to be sure of their content." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414-15 (7th Cir. 2005); *Pettit v. Retrieval Masters Credit Bureau, Inc.*, 211 F.3d 1057, 1060-61 (7th Cir. 2000). The unwary debtor possesses rudimentary knowledge of the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable

of making basic logical deductions and inferences. *Pettit,* 211 F.3d at 1060. Here, Fuller is deemed to have a reasonable knowledge of her account history and to have carefully read the letter.

## CONCLUSION

WHEREFORE, defendants, MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC and ENCORE CAPITAL GROUP, INC. pray that this Court grant defendants' Motion to Dismiss as to plaintiff Angela Fuller f/k/a Angela Grubbs

Date: April 24, 2012

Respectfully submitted,

David M. Schultz
Clifford E. Yuknis
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com

By: s/ *Clifford E. Yuknis*
One of the Attorneys for Defendants
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC

of making basic logical deductions and inferences. *Pettit,* 211 F.3d at 1060. Here, Fuller is deemed to have a reasonable knowledge of her account history and to have carefully read the letter.

## CONCLUSION

WHEREFORE, defendants, MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC and ENCORE CAPITAL GROUP, INC. pray that this Court grant defendants' Motion to Dismiss as to plaintiff Angela Fuller f/k/a Angela Grubbs

Date: April 24, 2012

Respectfully submitted,

David M. Schultz
Clifford E. Yuknis
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com

By: s/ *Clifford E. Yuknis*
One of the Attorneys for Defendants
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC