.IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE WEBB, on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC.,<br><br>Defendants. | Case No. 11-cv-5111<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Martin C. Ashman |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONDUCT DISCOVERY

Defendants MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC and ENCORE CAPITAL GROUP, INC. (collectively "Defendants"), by their undersigned attorneys, respectfully submit this Response to Plaintiffs' Motion to Conduct Discovery Regarding Motion to Dismiss First Amended Complaint as to Angela Fuller f/k/a Angela Grubbs ("Plaintiffs' Motion").

1. The Court should deny Plaintiffs' motion. Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to Plaintiff Grubbs for her failure to state a claim upon which relief can be granted. Grubbs' response is due May 29, 2012. Rather than responding, Plaintiffs filed a motion under *Rule 56(d)*, which addresses motions for summary judgment.

2. If Plaintiffs believe that their well pleaded allegations state a plausible claim for relief, and there is a question of fact raised by Defendants, Plaintiffs should try to so argue in their response to Defendants' Motion to Dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Rule 8

"does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

3. Rarely is there discovery on Rule 12(b)(6) motions. These motions test whether the plaintiff states a claim. If a plaintiff does not state a claim, she is not entitled to discovery. A complaint must provide enough facts to raise a reasonable expectation that discovery will reveal evidence to support plaintiff's allegations. *Redd v. Nolan*, 663 F.3d 287, 291 (7th Cir. 2011), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). It is not the other way around.

4. In their amended complaint Plaintiffs accuse Defendants of demanding "inflated" accounts, and attach to their pleading documents showing that interest on the debts was initially demanded but was not part of the demand in the subsequent suits. *See* Exhibits C, E (Defendants supplied the second page of the demand letter Exhibit C in their motion to dismiss papers). Thus, Plaintiffs' own exhibits demonstrate that "MCM in this case sought to collect interest in its collections letter to Fuller and Midland could have, but chose not to, seek interest in the lawsuit against Fuller." (Plaintiffs' motion ¶7). The "quoted statement" by Defendants is, in effect, alleged in Grubbs' own amended complaint and exhibits thereto since the exhibits are part of Grubbs' amended complaint. (*Id.* ¶8). *See* Rule 10(c); *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 n.2 (7th Cir. 2010) (for purposes of a Rule 12(b)(6) motion, the pleadings include the complaint, any exhibits attached thereto, and the supporting briefs); *Segal v. Geisha NYC LLC,* 517 F.3d 501, 504-05 (7th Cir. 2008) (attachments to a complaint become part of it for all purposes); *Guise v. BWM Mortg., LLC,* 377 F.3d 795, 799 (7th Cir. 2004). The Seventh Circuit has observed that sometimes a plaintiff pleads himself out of court. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) collecting authorities; *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999). "A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *In re Wade,* 969 F.2d 241, 249 (7th Cir. 1992).

130355171v1 0926450

5. Plaintiffs' citation of cases involving debt buyers trying to collect unauthorized fees and interest is irrelevant. (Plaintiffs' Motion 9). Plaintiffs do not (and cannot) allege that Defendants sought to collect such amounts, and otherwise fail to state a claim on the theory that they allege. Furthermore, it is not clear what Plaintiffs' purpose is behind their motion for discovery. The Plaintiffs' allegations and exhibits are before the Court (Exhibits A, B, C, as to Webb and Exhibits D and E as to Grubbs), as are Defendants' arguments. Plaintiffs' fishing expedition regarding suing for interest reveals an apparent lack of confidence that their claim of "inflated" amounts constitutes a plausible FDCPA claim (which it does not). To the extent the Plaintiffs' motion is seeking to ascertain if there is a different claim on which they can sue for relief this Court should deny it. Under Rules 11 and Rule 12(b)(6), a plaintiff cannot use a non-plausible pleading as a platform for discovery to ascertain if (1) she has a claim, as alleged, or (2) if there is a new lawsuit she can bring.

6. Contrary to Plaintiffs' assertion (¶10), she is not "entitled" to discovery. A plaintiff that fails to state a claim cannot go on a fishing expedition to ascertain if she can plead a claim. *See Bell Atlantic Corp.,* 550 U.S. at 559; *Ashcroft*, 556 U.S. at 678-79, 684-86. *Twombly* dictates that for a complaint to be plausible, the complaint itself must supply enough factual detail to raise a reasonable expectation that discovery will reveal evidence showing a claim. *Independent Trust Corp. v. Stewart Info. Servs., Corp.,* 665 F.3d 930, 935 (7th Cir. 2012); *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).

7. Subjecting Defendants to discovery when Plaintiffs have not stated a claim is contrary to the Federal Rules (1, 12) and Supreme Court precedent.

130355171v1 0926450

## **CONCLUSION**

For the foregoing reasons Defendants, Midland Credit Management, Inc., Midland Funding LLC and Encore Capital Group, Inc., respectfully submit that this Court deny Plaintiff's Motion to Conduct Discovery.

Dated: <u>May 29, 2012</u>            HINSHAW & CULBERTSON LLP

By: /s/ <u>*Clifford E. Yuknis*</u>
    One of the Attorneys for Defendants
    MIDLAND CREDIT MANAGEMENT,
    INC., MIDLAND FUNDING LLC and
    ENCORE CAPITAL GROUP, INC.

David M. Schultz
Clifford E. Yuknis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com

130355171v1 0926450