IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE WEBB, on behalf of plaintiff and a class,<br>        Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC.,<br><br>        Defendants. | Case No. 11-cv-5111<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Martin C. Ashman |

**DEFENDANTS' REPLY IN SUPPORT OF ITS RENEWED MOTION
TO COMPEL ARBITRATION**

Defendants MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC., ("Defendants"), by their undersigned attorneys, respectfully submit this Reply in support of their Renewed Motion to Compel Arbitration.

On April 24, 2012, Defendants filed a renewed Motion to Compel Arbitration and Stay Proceedings pending completion of arbitration as to Plaintiff Bonnie Webb ("Webb"). (Doc. #67). On May 8, 2012, Webb filed a response (Doc. #70) to the new matter – actually a new opinion – attached to Midland's motion to compel. This is Midland's reply thereto.

Webb fails to distinguish the order in *Gray v. Suttell & Assoc.*, Case Nos. CV-09-251-EFS, CV-10-5132-EFS (E.D.Wash. March 19, 2012), attached as Exhibit 1 to Midland's renewed motion to compel. (Doc. #67-1). While the case addressed a Household Bank arbitration agreement, that is irrelevant since in this case the Citibank arbitration agreement is at least as broad:

> **ARBITRATION: PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS**

> **ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**
>
> **AGREEMENT TO ARBITRATE:**
>
> Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

The Agreement then address the claims subject to the arbitration agreement.

> **Claims Covered**
>
> **What Claims are subject to arbitration?**
>
> *All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision.* All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; and Claims made independently or with other claims. A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. *Claims and remedies sought as part of a class action, private attorney general, or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.*
>
> **Whose Claims are subject to arbitration?** *Not only ours and yours, but also Claims made by or against anyone connected with us or you or claiming through us or you, such as a co-applicant or authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee, or trustee in bankruptcy.*
>
> \*   \*   \*
>
> **Broadest Interpretation.** Any questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be

130355124v1 0926450

enforced. This arbitration provision is governed by the Federal Arbitration Act (the "FAA").

\* \* \*

Similarly, the fact that Webb disputes that Midland was assigned the Webb account does not lessen the importance of *Gray*'s holding that the plaintiff was bound to litigate with Midland, a non-signatory who was nevertheless entitled to invoke arbitration. As in this case, Midland had purchased charged off accounts.

## **CONCLUSION**

For the following reasons, Defendants MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and ENCORE CAPITAL GROUP, INC., respectfully submit that this Court grant Defendants' Motion to Compel Arbitration and Stay Proceedings pending completion of arbitration as to Plaintiff Bonnie Webb.

| | |
|---|---|
| Dated: May 29, 2012 | HINSHAW & CULBERTSON LLP |
| | By:/s/*Clifford E. Yuknis* |
| David M. Schultz<br>Clifford E. Yuknis<br>HINSHAW & CULBERTSON LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, Illinois 60601<br>312/704-3000<br>dschultz@hinshawlaw.com<br>cyuknis@hinshawlaw.com | One of the Attorneys for Defendants<br>MIDLAND CREDIT MANAGEMENT,<br>INC., MIDLAND FUNDING LLC and<br>ENCORE CAPITAL GROUP, INC. |

130355124v1 0926450