# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5111 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Webb et al. vs. Midland Credit Management, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Defendants' amended motion to dismiss the first amended complaint as to plaintiff Fuller (#86) and motion to dismiss the first amended complaint as to plaintiff Webb (#94) are granted without prejudice. Plaintiffs are given leave to file a second amended complaint by April 10, 2013. This case will be called for a status hearing on April 16, 2013 at 8:30 a.m. See statement section of this order for details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs Bonnie Webb and Angela Fuller bring a complaint on behalf of themselves and a class under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. against defendants Midland Credit Management, Inc. (MCM), Midland Funding, LLC (Midland Funding), and Encore Capital Group, Inc. (Encore). Before the court are defendants' motions to dismiss the first amended complaint as to plaintiff Fuller (Dkt. #86) and plaintiff Webb (Dkt. #94).

Plaintiffs allege that on or about September 21, 2010, MCM sent Webb a "pre-legal notification" letter on behalf of Midland Funding, which demanded payment of a debt of $2,427.05 and stated that "we are considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt." According to the letter, this amount included a previous balance of $2,203.16 and interest of $223.89 (accrued at 5% rate). (Am. Compl. Ex. A.) On or about February 17, 2011, Midland Funding filed suit in the Circuit Court of Cook County against Webb to collect this debt. The complaint sought to recover only $2,203.16 (the previous balance identified in the letter) plus costs. (*Id.* Ex. B.) On June 23, 2011, Midland Funding nonsuited the state court lawsuit.

Plaintiffs allege that on or about July 17, 2011, MCM sent Fuller a "discount offer" letter on behalf of Midland Funding demanding payment of a debt of $7,201.63 and offering three payment options. (*Id.* Ex. D.) On or about January 19, 2012, Midland Funding filed suit in the Circuit Count of McLean County against Fuller to collect this debt. The complaint sought to recover $4,905.47 plus costs. (*Id.* Ex. E.) On June 23, 2012,[1] Midland Funding nonsuited the state court lawsuit.

Plaintiffs allege that it is the policy and practice of defendants to send correspondence such as "pre-legal notifications" and "discount offer" letters threatening legal action and falsely stating that consumers will save money by responding in an effort to collect amounts greater than that which defendants actually intend to

STATEMENT

seek when they take legal action. These letters inflate the amount of the claimed debt and then offer to negotiate from the inflated amount. According to plaintiffs, this policy or practice of defendants constitutes (1) a deceptive collection practice in violation of §§ 1692e, 1692e(2), 1692e(5) and 1692e(10); and (2) an unfair collection practice in violation of §§ 1692f and 1692f(1).

**Legal Standard**

In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

**Analysis**

Defendants have moved to dismiss the amended complaint as to Webb and Fuller arguing that the complaint (1) fails to state a claim against Encore; and (2) fails to state a claim against MCM and Midland Funding because the FDCPA does not prohibit the collection of inconsistent amounts and there was nothing false or misleading about the collection letters.[2]

**I.      Whether the Amended Complaint States a Claim Against Encore**

Plaintiffs allege that MCM and Midland Funding are subsidiaries of Encore and that Encore devises the collection strategies used by MCM and Midland Funding and Encore participated in the collection activities complained of in the complaint. (Am. Compl. ¶¶ 19, 21.)

Typically, "a parent corporation may not be held to account for the liabilities of a subsidiary unless the legal separateness of parent and subsidiary has been disregarded in a wide range of corporate matters." *Esmark Inc.* v. *N.L.R.B.*, 887 F.2d 739, 753 (7th Cir. 1989). The court will pierce the corporate veil and hold the parent liable for the actions of the subsidiary, however, where there is "such unity of interest and ownership that the separate personalities of the [parent] and the . . . [subsidiary] no longer exist . . . [and where] adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co.* v. *Future Chem. & Oil Corp.*, 753 F.2d 565, 569–70 (7th Cir. 1985) (quoting *Macaluso* v. *Jenkins*, 420 N.E.2d 251, 255, 95 Ill. App. 3d 461, 50 Ill. Dec. 934 (Ill. App. Ct. 1981)).

Rather than plead facts demonstrating that Encore and its subsidiaries share a unity of interest and ownership, plaintiffs argue that Encore is proper defendant because it has been held liable for similar acts of MCM and Midland Funding in the past. Plaintiffs cite *Hernandez* v. *Midland Credit Management, Inc.*, No. 04 C 7844, 2007 WL 2874059 (N.D. Ill. Sept. 25, 2007) and *Herkert* v. *MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D. Ill. 2009) in support. Besides the fact that both of these opinions were issued at the summary judgement stage, these cases are distinguishable on their face.[3]

In *Hernandez*, the collection notice explicitly referenced Encore, stating, *inter alia*, that Encore "may disclose" the information it collects to "other financial institutions with whom we have joint marketing

**STATEMENT**

agreements." *Hernandez*, 2007 WL 2874059, at \*\*2–3.  The letters here make no such reference.  In *Herkert*, the court concluded that Encore qualified as a "debt collector" under the FDCPA because it was regularly involved in debt collection activities.  *Herkert*, 655 F. Supp. 2d at 880–81.  Here, however, defendants do not argue that Encore fails to qualify as a debt collector under the Act, but rather that the complaint fails to allege how Encore "participated in the debt collection activities complained of."  (Compl. ¶ 21.)  The cases cited by plaintiffs are inapposite on this point.  Moreover, the complaint alleges that the letters at issue were sent by MCM on behalf of Midland Funding without any reference to Encore.  Absent factual allegations demonstrating the nature of Encore's alleged participation in the FDCPA violation or proposing an alternative theory of liability (such as piercing the corporate veil), plaintiffs have failed to provide Encore with fair notice of the basis of its liability.

## II.      Whether the Amended Complaint States a Claim Against MCM and Midland Funding

Defendants next argue that the amended complaint fails to state a claim against MCM and Midland Funding because the FDCPA does not prohibit the collection of inconsistent amounts and there was nothing false or misleading about the letters.

The FDCPA prohibits "any false, deceptive, or misleading representation . . . in connection with the collection of any debt," 15 U.S.C. § 1692e, including the false representation of "the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), a "threat to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5),[4] and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  *Id.* § 1692e(10).  Additionally, the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *Id.* § 1692f(1).  In deciding whether a collection letter violates the FDCPA, the court examines the letter from the standpoint of an unsophisticated consumer.  *Fields* v. *Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004); *see Wahl* v. *Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense.").  This standard assumes that the debtor is "uninformed, naive, or trusting," but at the same time acknowledging that even an unsophisticated debtor "possesses rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences."  *Fields*, 383 F.3d at 564 (internal quotations and citations omitted).

The complaint alleges that defendants violated the FDCPA by sending pre-legal notifications and discount offer letters that "inflat[ed] the amount of the claimed debt" in an effort to "collect amounts greater than that which defendants actually intend to seek when they . . . [took] legal action."  (Compl. ¶¶ 53, 54.)  The complaint does not explicitly allege that these "inflat[ed]" amounts were false, deceptive or misleading; rather, plaintiffs proceed on the assumption that the letters violated the FDCPA simply because defendants later sought to recover less in court.

As stated in § 1692f(1), defendants cannot seek to recover a debt "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Plaintiffs concede as much in their response brief, *see* Dkt. #99, Resp. at 3; *Rawoof* v. *Textor Petroleum Co.*, 521 F.3d 750, 762–63 (7th Cir. 2008) ("an assignment . . . places the assignee in the shoes of the assignor with respect to the property"), yet the complaint is devoid of facts demonstrating that the amounts defendants sought to recover in their pre-legal notifications and discount offer letters were not authorized by the parties' agreements or were otherwise prohibited by law.

**STATEMENT**

Moreover, a review of the state court complaint filed against Webb demonstrates that defendants sought to recover only the previous balance identified in her pre-legal notification letter, not the interest claimed in the same.  The issue is whether the additional amount, *i.e.,* the inflated amount (according to plaintiffs, referred to as the interest amount by defendants), identified in the letter was "false, deceptive, or misleading" under § 1692e or whether the letter was an "unfair or unconscionable means" of collecting a debt under § 1692f.  The allegations in the complaint do not plausibly suggest either scenarios, and the complaint is therefore dismissed as to plaintiff Webb.[5]  *Cf. Lane* v. *Gordon*, No. 10-793-KI, 2011 WL 488901, at *1 (D. Ore. Feb. 7, 2011) (granting summary judgment to debt collector on plaintiff's FDCPA claim where "the amounts stated in the February 10 demand letter and in the July 2009 complaint were both correct" and defendant "simply sought less in the complaint than the full amount due and owing").

The same reasoning holds true for the discount offer letter received by Fuller.  The complaint alleges that the letter inflates the amount of the claimed debt and falsely states that consumers will save money by responding.  The complaint does not allege *how* the letter inflates the amount of the claimed debt or *why* its statement that consumers will save money by responding is false.  Without this information, the complaint cannot plausibly suggest that plaintiffs are entitled to the relief they seek.

**Conclusion**

Defendants' amended motion to dismiss the first amended complaint as to plaintiff Fuller (#86) and motion to dismiss the first amended complaint as to plaintiff Webb (#94) are granted without prejudice.  Plaintiffs are given leave to file a second amended complaint addressing the foregoing deficiencies in the first amended complaint by April 10, 2013.  This case will be called for a status hearing on April 16, 2013 at 8:30 a.m.

1.  The complaint says June 23, 2011 but the court presumes that this is a typographical error given the date the complaint was filed.

2.  For reasons set forth herein, the court declines to reach defendants' third argument that there was no deception vis-a-vis the unsophisticated consumer.

3.  Plaintiffs also cite *Miller* v. *Midland Credit Management, Inc.*, 621 F. Supp. 2d 621 (N.D. Ill. 2009), but this opinion was vacated by the court.

4.  Plaintiffs state in their response brief that they do not assert that the letter Fuller received violates § 1692e(5), *see* Dkt. #93, Resp. at 2 n.2, although this position is not evident from the complaint.

5.  Rather, in their response brief plaintiffs state that "*[i]f* Defendant cannot prove the interest supporting its demand for payment, Plaintiff's contention is that the collection letter violates the FDCPA as a false, deceptive or misleading practice."  (Dkt. #99, Resp. at 3 (emphasis added).)  Plaintiffs also state that "*if* Defendant was attempting to collect an inflated interest rate, that *could be* grounds for an independent action." (*Id.* at 4 (emphasis added).)  Even assuming *arguendo* that plaintiffs' statements are correct, absent allegations plausibly suggesting that the interest identified in the letter was somehow improper or that defendants were indeed attempting to collect at an inflated interest rate, plaintiffs' claim that the letter violated the FDCPA is mere speculation.